Estate of Adrian H. Larkin, Deceased, Albert B. Maginnes and Central Hanover Bank and Trust Company, Executors v. Commissioner.
Estate of Adrian H. Larkin, Deceased v. Commissioner
Docket No. 11366.
United States Tax Court
1947 Tax Ct. Memo LEXIS 115; 6 T.C.M. (CCH) 929; T.C.M. (RIA) 47234; August 11, 1947
Theodore Pearson, Esq., and William H. Harrar, Esq., 70 Broadway, New York, N. Y., for the petitioner. Thomas R. Wickersham, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This case involves income tax liability for the period from January 1, 1942, to February 23, 1942. Deficiency was determined in the amount of $95,497.17, all of which is in issue. The only question for determination is whether there was proper filing of consents, as provided by section 134 of the Revenue Act of 1942. The facts were inlarge part stipulated. We adopt the stipulation by reference and find the facts to be as stipulated, but set them forth only in so far as considered material to examination, with other facts proven, in our Findings of Fact 1. The petitioner is the estate of Adrian H. Larkin, who died testate, a resident of the State of New York, on February 23, 1942, and who will be hereinafter referred *117 to as the decedent. Albert B. Maginnes and Central Hanover Bank and Trust Company are executors of his will. The return for the taxable period was filed with the collector for the second district of New York. 2. At decedent's death there had accrued to him $150,791.79 in dividends, interest, salary, payment from his law partnership, and executors' and trustees' commissions; also, against him, liabilities of $26,941.44 for state and local taxes. 3. Decedent's will, in part here pertinent, devised and bequeathed one-twentieth of his residuary estate to each of his three children (a daughter and two sons), or their issue (with an exception) and to his wife, and 16/20ths thereof to Albert B. Maginnes and Central Hanover Bank and Trust Company as trustees for his wife for life, with remainder to the children, or their issue (with an exception). 4. In anticipation of an election to file a consent to the retroactive application of section 126 of the Internal Revenue Code, no part of either the $150,791.79 or the $26,941.44 was reported in the final return of the decedent covering the period January 1 to February 23, 1942. 5. On March 14, 1944, there was duly *118 filed with the Commissioner of Internal Revenue, Washington, D.C., a document captioned "Statement and Consent," executed by Albert B. Maginnes and Central Hanover Bank and Trust Company as Executors of the Estate of Adrian H. Larkin, stating, in pertinent part: A list of all items included or includible in gross income of the decedent for the period from January 1, 1942, to February 23, 1942, which would not be includible therein if the amendments made by section 134 (a) of the Revenue Act of 1942 were applicable to the revenue law in effect for such taxable period (the items totaling, after an agreed correction, $150,791.79); that in anticipation of the filing of the statement and consents, such items had not been shown in decedent's return for the period January 1, 1942, to February 23, 1942; that $26,941.44 in listed items of taxes were allowable as deductions and credits in computing decedent's net income for his last year, which would not be allowable if the amendment made by section 134 (b) of the Revenue Act of 1942 were applicable to the revenue law in effect for such year; that "The names and addresses of every person entitled by bequest, devise or inheritance from the decedent *119 or by reason of the death of the decedent to receive any amount listed in paragraph "1" above, are: "Albert B. Maginnes and Central Hanover Bank and Trust Company, as executors of the Estate of Adrian H. Larkin, whose office and principal place of business is 70 Broadway, Borough of Manhattan, City, County and State of New York;" that "The names and addresses of every person entitled by bequest, devise or inheritance from the decedent or by reason of the death of the decedent to receive any property subject to an obligation of the decedent for which a deduction or credit described in Section 29.126-2 of the Treasury Department Regulations 111 is allowable are: "Albert B. Maginnes and Central Hanover Bank and Trust Company, as Executors of the Estate of Adrian H. Larkin, whose office and principal place of business is 70 Broadway, Borough of Manhattan, City, County and State of New York;" that Albert B. Maginnes and Central Hanover Bank and Trust Company are executors of the estate of Adrian H. Larkin, with address at 70 Broadway, New York, New York; that the period covered by decedent's last income tax return (filed in the second district of New York) was January 1, 1942, to *120 February 23, 1942; that the list of items totaling (with agreed correction) $150,791.79 was all the items "(at face value) of income in respect of the decedent to which said estate was entitled by bequest, devise or inheritance from the decedent or by reason of the death of the decedent, and sets forth every item (at face value) of income in respect of the decedent acquired by the estate from the decedent;" that "All of said items were collected by the said estate before the time this Consent was filed, with the exception of $67,897.27 Executors' and Trustees' commissions as indicated above; the amount collected in respect of each item was its face value as above set forth, and the date of such collection is as above set forth. The right to receive any of such items was not transferred to any person;" that the $26,941.44 (items listed) is "all the items in respect of the decedent for which said estate may claim deductions and credits described in Section 29.126-2 of the Treasury Department Regulations 111;" that "No recomputation of the net income of the tax of the undersigned estate is attached since the net income and the tax of the estate for all periods prior to the date of this *121 Consent were set forth and computed in the estate's return for said period on the basis that this Consent and the accompanying Statement would be filed;" that "The Estate of Adrian H. Larkin hereby unqualifiedly consents and agrees that its tax for each taxable year ending on or after the date the decedent died and the tax of the decedent for his last taxable year shall be computed under the provisions of Section 134 (g) of the Revenue Act of 1942." 6. Petitioner at all times during its existence has been and still is an estate in process of administration. 7. The returns of decedent and of petitioner have always been prepared on the cash basis. 8. All of the $150,791.79 income has been reported, as collected from time to time, by the executors of the estate in Federal income tax returns (for the period February 23, 1942, to December 31, 1942, and for the years 1943 to 1946, inclusive) and income tax paid thereon, and the $26,941.44, state and local taxes, has been paid by the estate, and deduction claimed in the years of payment. The executors have never distributed to anyone, or sold or exchanged, or otherwise disposed of, the right to receive the $150,791.79 income. 9. *122 The failure of Albert B. Maginnes and Central Hanover Bank and Trust Company, as trustees, to file consent in a trustee capacity, and the failure to so file consent by the residuary legatees, was not due to desire to decrease income tax liability for the trustees or any beneficiary. Maginnes was attorney for the estate, and considered superfluous the filing of a consent by the residuary legatees. The residuary legatees would have been willing to file such consents, if asked to do so. The decedent's daughter has one child, born in 1925. One of decedent's sons has three children, born in 1919, 1928, and 1931, respectively, and his other son has no children. 10. The only consent filed with the Commissioner of Internal Revenue, pursuant to the provisions of section 134 (g) of the Revenue Act of 1942, was by Albert B. Maginnes and Central Hanover Bank and Trust Company as executors of the estate of the decedent; and the petitioner failed to comply with section 29.126-4 of Regulations 111, so far as providing for filing a statement containing the names and addresses of every person entitled by bequest, devise, or inheritance from the decedent, or by reason of his death to receive any amount *123 of decedent's gross income for his last taxable year, which would not be includible if the amendments made by section 134 (a) of the Revenue Act of 1942 were applicable to the revenue law in effect for such taxable year. Opinion The narrow question proposed to us here is: Did the consent filed by the executors comply with section 134 of the Revenue Act of 1942? The portions thereof considered applicable to the present question are set forth in the margin. [1]
*124 This question has recently been passed upon in Estate of Frances T. Ingraham, 8 T.C. 70 [Dec. 15,693]. We there held that the failure of an executor and the legatees to file the consents with the Commissioner for the computation of income as permitted by section 134 (g) of the Revenue Act of 1942, barred the estate's right to exclude the decedent's income accrued between January 1, 1942, and his death on June 26, 1942. The petitioner attempts to distinguish that case, pointing out that neither the executor nor the legatees filed in time the necessary consents, and that there the legatees, tax-exempt charities, argued only that they were so tax-exempt, and that therein there was not presented the contention here, that a consent was filed by the executors of the estate, the only ones entitled to receive the income. But, after considering the petitioner's views, and the Ingraham opinion, as well as the statute, regulation, and Congressional Committee Reports covering the passage of section 134, we are not convinced that the Ingraham case does not here apply. It is not necessary to detail such consideration. The Ingraham case points out that a consent must be filed by *125 each beneficiary, and in accordance with regulations prescribed by the Commissioner - as required by the statute - and that the beneficiaries or residuary legatees under the will did not so file timely consent; and we said: "Both the petitioner, as executor, and the beneficiaries must comply with the law; this they have not done." The executor in that case appears to have had as much right to receive the income in the first instance, as the executors here. The object of the statute appears to us to have been, so far as regards requiring consents, to protect the revenue against anyone who would or might have a right to get the income in question, by requiring his consent to be taxed. Section 134 (g), in the words, "each person who acquires by reason of the death * * * or by bequest, devise, or inheritance * * * the right to receive the amount of items of gross income * * *," does not qualify "right" as "direct," or "primary," or exclude "contingent." "Receive" is not modified by "from the decedent." On who with a contingent right might indirectly receive, is reasonably encompassed. In our opinion, a broad interpretation is required, and consent, is required of legatees, trustees, or *126 beneficiaries, as well as executors who take the estate directly. The statute specifically requires the necessary consents to be in accordance with the regulations. If, as above concluded, the legatees are persons entitled to take the income, this was not done in the instant case, by the one consent, filed by the executors, for the consent did not name or give the addresses of the legatees, as required by section 29.126-4 of Regulations 111. We see no reason why the regulation is not, within the statute, valid and binding, and regard as necessary the naming of the legatees, as held in the Ingraham case. We therefore hold that the necessary consents were not filed, and that the income and deductions may not be omitted from the decedents income for the period January 1, 1942, to February 23, 1942, and taken by the estate in later years. Decision will be entered for the respondent. Footnotes
1. "(a) INCLUSION IN GROSS INCOME. - "(1) General Rule. - The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period shall be included in the gross income, for the taxable year when received, of: "(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent; "(B) the person who, by reason of the death of the decedent, acquires the right to receive the amount, if the right to receive the amount is not acquired by the decedent's estate from the decedent; or "(C) the person who acquires from the decedent the right to receive the amount by bequest, devise, or inheritance, if the amount is received after a distribution by the decedent's estate of such right. "(2) Income in case of Sale, etc. - If a right, described in paragraph (1), to receive an amount is transferred by the estate of the decedent or a person who receives such right by reason of the death of the decedent or by bequest, devise, or inheritance from the decedent, there shall be included in the gross income of the estate or such person, as the case may be, for the taxable period in which the transfer occurs, the fair market value of such right at the time of such transfer plus the amount by which any consideration for the transfer exceeds such fair market value. For the purposes of this paragraph, the term 'transfer' includes sale, exchange, or other disposition, but does not include a transfer to a person pursuant to the right of such person to receive such amount by reason of the death of the decedent or by bequest, devise, or inheritance from the decedent. * * * * *
"(b) ALLOWANCE OF DEDUCTIONS AND CREDIT. - The amount of any deduction specified in section 23 (a), (b), (c), or (m) (relating to deductions for expenses, interest, taxes, and depletion) or credit specified in section 31 (foreign tax credit), in respect of a decedent which is not properly allowable to the decedent in respect of the taxable period in which falls the date of his death, or a prior period, shall be allowed: "(1) Expenses, Interest, and Taxes. - In the case of a deduction specified in section 23 (a), (b), or (c) and a credit specified in section 31, in the taxable year when paid, - "(A) to the estate of the decedent; except that * * * * *
(g) TAXABLE YEARS BEFORE 1943. - In case the taxable period in which falls the date of the death of the decedent began after December 31, 1933, and before January 1, 1943, the tax for such taxable period shall be computed as if provisions corresponding to the provisions of sections 42 (a) and 43 of the Internal Revenue Code↩, as amended by subsections (a) and (b) of this section, were a part of the Revenue Act of 1934, the Revenue Act of 1936, the Revenue Act of 1938, or the Internal Revenue Code, whichever is applicable to such taxable period. In the case of the estate of such a decedent and of each person who acquires by reason of the death of such decedent or by bequest, devise, or inheritance from such decedent the right to receive the amount of items of gross income of the decedent which upon the application of the preceding sentence are not properly includible in respect of the taxable period in which falls the date of the decedent's death or a prior period, the tax for each taxable period ending on or after the date on which the decedent died shall be computed by including in gross income the amounts with respect to such decedent which would be includible, and by allowing as deductions and credits the amounts with respect to such decedent which would be allowable, if provisions corresponding to the provisions of the section inserted in the Internal Revenue Code by subsection (e) of this section were a part of the law applicable to such taxable period. The provisions of this subsection shall not be applicable unless there are filed with the Commissioner (in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, and at the time prescribed by such regulations) signed consents made under oath by the fiduciary representing the estate and by each such person (or if any such person is no longer in existence or is under disability, by his legal representative) that with respect to such amounts the tax of the estate, or the tax of such person, as the case may be, shall be computed under the provisions of this subsection for each taxable period ending on or after the date of the death of the decedent and the tax of the decedent shall be computed under such provisions for the taxable period of the decedent in which falls the date of his death. * * *